IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JOHNNY CONNOR NICHOLS, | : | |
| Plaintiff | : | |
| VS. | : | CIVIL ACTION NO.: 5:10-CV-71 (HL) |
| FRED HEAD; BRIAN OWENS; JOHNNY DUCKWORTH, | : : | |
| | : | **ORDER** |
| Defendants | : | |

Plaintiff **JOHNNY CONNOR NICHOLS**, an inmate at Macon State Prison in Oglethorpe, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

## *I. REQUEST TO PROCEED IN FORMA PAUPERIS*

Plaintiff has paid the initial partial filing fee as ordered by the Court.

Hereafter, plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee of $350.00. The agency having custody of plaintiff shall forward said payments from plaintiff's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees (totaling $350.00) are paid. 28 U.S.C.§1915(b)(2). The clerk of court is directed to send a copy of this Order to the business manager and the warden of the institution where plaintiff is confined.

## *II. STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at

any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id*.

### III. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

Plaintiff complains that on January 24, 2010, he was placed in isolation in a dark cell with no light and the window was painted black. According to plaintiff, he was unable to "prepare legal documents." Plaintiff states that he spoke with Lt. Felton about the lighting situation on January 24, 2010; then Officer Jackson on January 25, 2010; followed by Sgt. Charles on January 28, 2010. Plaintiff states that Sgt. Charles notified defendant Duckworth, the facilities engineer, that the light needed to be fixed. Plaintiff claims that Fred Head was personally aware of the lighting situation.

Plaintiff states that he spoke with Lt. Rawlings on February 2, 2010 and Sgt. Charles on February 4, 2010. However, plaintiff complains that as of February 8, 2010, the light has

not been fixed.

Plaintiff alleges that he has been unable to go outside due to the weather. According to plaintiff, this amounts to cruel and unusual punishment. Plaintiff claims to have suffered "emotional, psychological, and mental injuries as a result of such cruelty."

To any extent that plaintiff is claiming a lack of access to the courts, he must show that he suffered an actual injury. ***Lewis v. Casey***, 518 U.S. 343, 349 (1996). To prove actual injury, the prisoner must "demonstrate that the alleged [inadequacies] . . . hindered his efforts to pursue a legal claim." ***Id.*** at 351. Plaintiff has not alleged, much less shown, actual injury. Moreover, the Court notes that plaintiff was able to write and submit to this Court a five page complaint, along with five pages of exhibits. Therefore, it was apparently not dark enough to keep plaintiff from drafting legal documents.

Plaintiff also complains that the lack of lighting in his cell, coupled with the inability to go outside due to inclement weather, amounts to cruel and unusual punishment. The Court recognizes that the Eighth Amendment to the United States Constitution provides that cruel and unusual punishments should not be inflicted. "The 'cruel and unusual punishments' standard applies to the conditions of a prisoner's confinement." ***Brown v. Pastrana***, No. 08-20631, 2008 U. S. Dist. LEXIS 67236 at 6 (S. D. Fla September 4, 2008). However, the Constitution does not mandate comfortable prisons. ***Rhodes v. Chapman***, 452 U.S. 337, 349 (1981). All that is required is that they be humane. ***Farmer v. Brennan***, 511 U.S. 825 (1994).

To prevail on an Eighth Amendment claim regarding the conditions of confinement, a plaintiff must demonstrate that (1) the conditions of which he complains are, from an objective standpoint, "sufficiently serious"; and (2) prison officials "acted with a sufficiently

culpable state of mind with regard to the conditions at issue." **Brown v. Pastrana**, No. 08-20631, 2008 U. S. Dist. LEXIS 67236 at 6-7 (S. D. Fla September 4, 2008) (quoting **Chandler v. Crosby**, 379 F.3d 1278, 1289 (11th Cir. 2004)).

"Under the first prong, the Court must 'assess whether society considers the risk that [plaintiff] complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." *Id*. (quoting **Chandler**, 379 F.3d at 1289). Plaintiff's complaints regarding lighting and an inability to exercise outside due to the inclement weather are not "so grave that exposure to these conditions violates contemporary standards of decency." *Id*. "At best, such conditions sound in negligence, and do not deprive plaintiff 'of the minimal measure of life's necessities,' nor do such conditions represent something that modern society would find intolerable." *Id.* at *8. As plaintiff has not, even taking all of his allegations as true, established the first prong of the above-described test, the Court need not reach the second.

The Court notes that plaintiff does not allege any type of physical harm from being housed in segregation without a working light. 42 U.S.C. § 1997e(e) provides as follows: "No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury. **See also Siglar v. Hightower**, 112 F.3d 191, 193 (5th Cir. 1997). Plaintiff sustained no physical injuries, and, therefore, his action may not prevail under 42 U.S.C. § 1983.

Additionally, plaintiff has named Brian Owens in the heading of his complaint. To any extent that plaintiff is attempting to hold Brian Owens responsible for the actions of his employees, it is well settled that a plaintiff cannot prevail under 42 U.S.C. § 1983 based on a theory of respondeat superior or supervisory liability. **Rogers v. Evans**, 792 F.2d 1052 (11th Cir. 1986); **H.C. by Hewett v. Jarrard**, 786 F.2d 1080 (11th Cir. 1986). Instead the

plaintiff must show that the supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. **H.C. by Hewett**, 786 F.2d at 1086-87. "The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. The deprivations that constitute widespread abuse sufficient to notify supervising officials must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." **Brown v. Crawford**, 906 F.2d 667, 671 (11th Cir. 1990), **cert. denied**, 500 U.S. 933 (1991).

Plaintiff does not allege that Brian Owens was personally involved in any of his alleged constitutional deprivations. Moreover, plaintiff's assertions do not establish the causal connection necessary to hold this defendant responsible for the plaintiff's alleged constitutional deprivations.

Finally, the Court notes that part of the remedy plaintiff seeks is to have the defendants criminally charged and prosecuted. The Court has no authority to take such action against these defendants.

Based on these finding, plaintiff's 42 U.S.C. § 1983 action must be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**, this 22nd day of March, 2010..


　　　　　　　　　　　　　　　　　　s/ Hugh Lawson
　　　　　　　　　　　　　　　　　　HUGH LAWSON
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

lnb