IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JOHNNY CONNOR NICHOLS, | : | |
| Plaintiff | : | |
| VS. | : | CIVIL ACTION NO.: 5:10-CV-71 (HL) |
| FRED HEAD; BRIAN OWENS; JOHNNY DUCKWORTH, | : | |
| | : | **ORDER** |
| Defendants | : | |

Plaintiff **JOHNNY CONNOR NICHOLS**, an inmate at Georgia Diagnostic and Classification Prison in Jackson, Georgia, has filed a motion for reconsideration (R. at 11) and a motion to amend his complaint. (R. at 12). For reasons discussed below, these two motions are **DENIED**.

In his original complaint, filed on February 22, 2010, plaintiff maintained that on January 24, 2010, he was placed in isolation in a cell without a working light. Plaintiff explained that "as of today's date, 02-08-10, [he] has been confined in a cell with no light, and the windows being painted over to block light and vision for a period of 15 days." In an Order dated March 22, 2010, the Court dismissed plaintiff's claims as frivolous pursuant to 28 U.S.C. § 1915A. (R. at 5).

Plaintiff has now filed both a motion for reconsideration and a motion to amend his complaint. Looking first at the motion for reconsideration, Local Rule 7.6 provides that "[m]otions for reconsideration shall not be filed as a matter of routine practice." Instead, these motions "'should be reserved for extraordinary circumstances, such as the discovery

of new evidence, an intervening development or change in the law, or the need to correct a clear error or prevent manifest injustice'." **Smith v. Mercer**, No. 1:07-CV-1149-RWS, 2008 U. S. Dist. LEXIS 38758 at *2 (N. D. Ga. May 13, 2008). Plaintiff's motion fails to show any such "extraordinary circumstances."

In his original complaint, plaintiff alleged that he "needed the light [repaired] in order to see how to prepare legal documents." In its Order, the Court explained that to any extent plaintiff was attempting to assert a denial of access to courts claim based on inadequate lighting, plaintiff had not shown an actual injury. The Court pointed out "that plaintiff was able to write and submit to this Court a five page complaint, along with five pages of exhibits. Therefore, it was apparently not dark enough to keep plaintiff from drafting legal documents." Plaintiff explains in his motion for reconsideration that the "documents submitted to the Court were prepared only after being moved to a cell which had lighting." Plaintiff still has not shown an actual injury, which is required for an access to courts claim. **Lewis v. Casey**, 518 U.S. 343, 351 (1996). Therefore, this information does not change the Court's decision on this issue.

Plaintiff also complained that "[t]he weather has not been such that we can go outside, therefore, I have been subjected to continued confinement of a dark cell, with no light. . . ." The Court explained that "the lack of lighting in his cell, coupled with the inability to go outside due to inclement weather" does not amount to cruel and unusual punishment in violation of the Eighth Amendment. In his motion for reconsideration, plaintiff clarifies that he did not wish to complain about an inability to go outside, only about the 15 days confinement in a cell without adequate lighting. Again, the Court finds no reason to change its original Order in this case. Plaintiff does not maintain that he was forced to remain in

complete darkness for an extended period of time; nor does he maintain that the lighting was inadequate for purposes of sanitation or personal hygiene. Instead, he clearly states that "[he] needed the light in order to see how to prepare legal documents." Plaintiff simply has not shown that his conditions of confinement amounted to any type of "extreme deprivation" necessary to make a conditions of confinement claim under the Eighth Amendment. **See Chandler v. Crosby**, 379 F.3d 1278, 1294-95 (11th Cir. 2004).

Plaintiff also takes issue with the Court's finding regarding the lack of physical injury. He simply states that his "pain cannot be seen nor is it a visible injury. It is however physical, requiring medications." Plaintiff completely fails to explain how he was physically injured by the inadequate lighting during the fifteen (15) day period.

As explained above, plaintiff also filed a motion to amend. (R. at 12). Pursuant to Fed. R. Civ. P. 15, a party may amend his pleading "once as a matter of course" 21 days after serving the pleading or "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." In other cases, a party can amend only with written consent of the opposing party or "the court's leave." There is not a provision for amending a complaint that has already been dismissed as frivolous. The Court, however, realizes that plaintiff is proceeding *pro-se* and will simply treat his motion to amend as a second motion for reconsideration.

In his motion to amend, plaintiff explains that on February 9, 2010, he was moved to cell #115, which has a light, but no "desk for use to correspond with family members and the courts." Plaintiff states that he suffers from an unspecified "chronic back condition" and the fact that he is forced to use his bed as a table has strained and aggravated this condition. Plaintiff also complains that he had no toothpaste or toothbrush for three (3) days after he

3

was taken to cell #115.

Plaintiff complains that on February 21, 2010, he was moved to a cell #222, which had a desk, but no chair. According to plaintiff, this exacerbates his back pain. Plaintiff also complains this cell was without cold water and a flushing toilet for three (3) hours. He states that he went without hot running water in the cell for approximately ten (10) days.

Finally, plaintiff states that he was denied bed linens for nineteen (19) days.

As the Court already explained to plaintiff, "not all deficiencies and inadequacies in prison conditions amount to a violation of a prisoner's constitutional rights." ***Rhodes v. Chapman***, 452 U.S. 337, 349 (1981). The Eighth Amendment is violated only when the prisoner is deprived of "the minimal civilized measure of life's necessities." *Id*. at 347. Additionally, to be held responsible for an Eighth Amendment violation, a prison official must be deliberately indifferent to the prisoner's safety. ***Wilson v. Seiter***, 501 U.S. 294, 297-99 (1991). To determine if plaintiff has established the first prong of this test, the Court questions whether in subjecting plaintiff to all of these various deprivations (temporary inadequate lighting, temporary lack of a desk, temporary lack of a chair, temporary inadequate water, temporary lack of dental hygiene products, and temporary lack of bed linens) have deprived him of the civilized measures of life's necessities. To answer this question, the Court examines "the circumstances of each case, and 'atmosphere' cases turn on severity, duration, or a combination of both; all that must add up to 'extreme' to be actionable. ***Williams v. Grant***, No. CV408-203, 2009 U. S. Dist. LEXIS 95683 at *13 (N. D. Ga. Sept. 24, 2009). Even collectively considering all of the conditions about which plaintiff complains, they do not amount to "extreme" deprivations; especially given the very limited duration of the various deficiencies and inadequacies.

Plaintiff complains that he wanted to file a grievance regarding the situation in cell #115, but he was denied a grievance form for three (3) days. Plaintiff also complains about the denial of grievance forms on other several other occasions; such as February 18, 2010 when Counselor Walker informed him that he was "not doing grievances now." Plaintiff states this violated his due process rights. However, the Eleventh Circuit has held that a plaintiff has no constitutional right to participate in prison grievance procedures. ***See Wildberger v. Bracknell***, 869 F.2d 1467, 1467-68 (11th Cir. 1989). Therefore, a prison official's failure to give plaintiff a grievance form, failure to process a grievance, or failure to otherwise respond to such a grievance is not actionable under 42 U.S.C. § 1983.

Plaintiff alleges that on February 18, 2010, he finally received his legal material, "but only after [he] had been forced into the hearing without proper preparation time and without counsel, or an advocate." Presumably plaintiff received thirty (30) days isolation or administrative segregation after the hearing. To any extent that plaintiff complains he was denied due process in the hearing, this argument has been foreclosed by ***Sandin v. Conner***, 515 U.S. 472 (1995). In ***Sandin***, the Supreme Court found that a prisoner can be deprived of his liberty so as to be entitled to due process under the Constitution in two circumstances: (1) when the condition is so severe that it essentially exceeds the sentence imposed by the court; and (2) when the state has conferred a certain benefit on prisoners by statute or administrative policy and the deprivation of that benefit "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." ***Id.***; ***Bass v. Perrin***, 170 F.3d 1312, 1318 (11th Cir. 1999). The inmate in ***Sandin***, just as plaintiff in the current case, received a thirty (30) day sentence in administrative segregation. The Supreme Court determined this was not an atypical and significant hardship in the prison setting and

therefore, the inmate was not entitled to due process under the Constitution. For this same reason, plaintiff is not entitled to due process in this situation.

To any extent that plaintiff maintains that the thirty (30) day segregation without "24 hour out time" violates a standard operating procedure, the courts have explained that the violation of a standard operating procedure, without more, does not amount to a violation of plaintiff's constitutional rights. ***See Harris v. Birmingham Bd. of Education***, 817 F.2d 1525 (11th Cir. 1987)(explaining that the violation of a state statute or a state procedural regulation does not necessarily equate with a due process violation)

Plaintiff also alleges that on February 17, 2010, February 23, 2010, February 24, 2010, and February 25, 2010, he spoke with various people (not named as defendants in the original complaint and not shown as defendants in the caption of the motion to amend) about his need to "speak with someone from Mental Health again." Plaintiff states that as of "today's date 03-05-10, [he] has not spoke[n] with anyone from Mental Health." Plaintiff alleges this amounts to "deliberate indifference." While the denial of mental health care may amount to a violation of the Eighth Amendment, plaintiff has not alleged facts sufficient to set forth such a claim in this case. Specifically, plaintiff has not told the Court from what condition he suffers and why he needs mental health care. Additionally, plaintiff's original complaint named three defendants and set forth a claim regarding the living conditions at Macon State Prison. Plaintiff has not connected any of these three originally-named defendants to his claim regarding the lack of mental health care. Generally, a plaintiff cannot join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20 (a). Plaintiff

has failed to show a logical relationship between his claim regarding mental health care and his original claim regarding a lack of proper lighting in his cell.[1]

At this time, the Court is simply denying plaintiff's motion for reconsideration and his motion to amend his already dismissed complaint. Should plaintiff wish to file an action regarding the lack of mental health care at Macon State Prison, he may do so. However, he will need to name as defendants the persons who actually denied him such care, explain to the Court what mental health condition(s) he suffers, and how the denial of mental health care exacerbated these condition(s).[2]

Based on the above, plaintiff's motion for reconsideration (R. at 11) and motion to amend (R. at 12) are **DENIED.**

**SO ORDERED**, this 21st day of October, 2010.

*s/ Hugh Lawson*
HUGH LAWSON, JUDGE
UNITED STATES DISTRICT COURT

lnb

---

[1] Moreover, plaintiff is no longer incarcerated at Macon State Prison. Therefore, the Court cannot grant any of the injunctive relief requested by plaintiff. Under established law in this circuit, a prisoner's claim for injunctive relief is mooted by his transfer to another prison. **Zatler v. Wainwright**, 802 F.2d 397, 399 (11th Cir. 1986); **Wahl v. McIver**, 773 F.2d 1169, 1173 (11th Cir. 1985).

[2] In a motion requesting injunctive relief that was denied because plaintiff filed it after his case was dismissed (R. at 9), plaintiff set forth various claims regarding conditions of confinement and an alleged lack of medical care at Georgia Diagnostic and Classification Prison, where plaintiff is currently incarcerated. Plaintiff is advised that to any extent he, in the future, seeks to make claims about prison conditions or a lack of medical care (including mental health care) at Georgia Diagnostic and Classification Prison, he will need to do so by filing a separate 42 U.S.C. § 1983 action and naming defendants at that facility who allegedly violated his constitutional rights. Plaintiff will not be allowed to join claims regarding conditions of confinement or a lack of mental health care at Macon State Prison with unrelated claims regarding conditions existing at Georgia Diagnostic and Classification Prison.